HENRY TAYLOR *et ux. vs.* MARIA B. O'BRIEN.

To constitute a tenancy by sufferance there need not have been any prior contract of letting ; all that is necessary is that the tenant should have entered into possession of the premises lawfully, and shall continue to hold after the termination of his right.

Hence, where husband and wife occupied the husband's premises until the husband deserted his wife and made a conveyance of the property, after which the wife continued in occupation until a sale of the property under a mortgage, she became a tenant by sufferance to the successive purchasers, and her possession was not unlawful until her right of occupancy was terminated by some act on the part of the owner.

TRESPASS AND EJECTMENT. Certified from the District Court of the Sixth Judicial District on exceptions to the decision of the court.

*April* 20, 1896.   MATTESON, C. J.   This is an action of trespass and ejectment to recover possession of a tenement belonging to the plaintiffs, being the house numbered 20 on Home Avenue, in Providence. The action was brought in the District Court of the Sixth Judicial District, and was heard by the court on an agreed statement of facts, as follows :—

1.   The defendant's husband, Cornelius O'Brien, a former owner of the property, mortgaged it to the Smithfield Savings Bank, January 8, 1892.

2.   On December 27, 1895, the mortgaged estate was sold, by virtue of the power contained in the mortgage, and purchased by the plaintiffs.

3.   Nearly a year prior to the sale Cornelius O'Brien began proceedings for divorce from the defendant, and subsequently absconded, leaving her in the occupation of the property, and she has continued to occupy it since.

4.   After filing his petition for divorce and before the sale under the mortgage, to wit, on August 29, 1895, Cornelius conveyed the property by deed to Matthew O'Brien, of Bridgeport, Conn.

5.   Prior to bringing this action, the plaintiffs gave notice

in writing to the defendant to quit the premises on a day prior to the beginning of the action.

On these facts the plaintiffs contended that prior to the notice to quit the defendant was a tenant by sufferance of the premises, and that on the expiration of the notice they became entitled to maintain their action. The District Court, however, held that to make the defendant a tenant by sufferance of the plaintiffs, as purchasers at the mortgage sale, she must have been a tenant of some kind under Matthew O'Brien, the holder of the equity of redemption at the time of the sale ; that the agreed statement showed no facts from which a tenancy by sufferance could arise, and that the defendant was to be regarded as a trespasser ; and, consequently, that the court had no jurisdiction of the suit. The plaintiffs excepted to the decision, and the case is before us on their exception.

The court below, if we understand its decision correctly, were of the opinion that to create a tenancy by sufferance it is necessary that there should have been some prior contract of letting between Matthew O'Brien and the defendant. If this be the view taken by the court, it was erroneous. *Kenney* v. *Sweeney*, 14 R. I. 581 ; *Payton* v. *Sherburne*, 15 R. I. 213 ; *Johnson* v. *Donaldson*, 17 R. I. 107. To constitute a tenancy by sufferance, all that is necessary is that the tenant should have entered into possession lawfully and shall continue to hold after the termination of his right. The defendant entered into possession with her husband. Until he abandoned her and conveyed the property to Matthew O'Brien, she continued to occupy the property by virtue of the marital relation. On the conveyance to Matthew, her right to occupy as the wife of Cornelius ceased, and she became as to Matthew a tenant by sufferance, and on the sale under the mortgage a tenant by sufferance to the purchasers. Her original entry under her husband having been lawful, her possession did not become unlawful, or, in other words, she did not become a trespasser until some act on the part of the owner to terminate her right to occupy.

Exception sustained, and case remitted to the District

Court of the Sixth Judicial District with direction to enter judgment for the plaintiffs for possession and costs.

*Herbert B. Wood & William Fitch*, for plaintiffs.

*Dennis J. Holland*, for defendant.